IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | |
|---|---|
| ANGELIA SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO: _____ |
| ) | |
| EQUIFAX INFORMATION SERVICES, ) | JURY TRIAL REQUESTED |
| LLC; TRANSUNION, LLC; FIRST ) | |
| PREMIER BANK; HSBC BANK; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Angelia Sullivan, by and through her undersigned attorney, and as her Complaint against all Defendants named in the above-styled matter, shows as follows:

### PRELIMINARY STATEMENT

Plaintiff asserts claims under the Fair Credit Reporting Act, 15 U.S.C. §1681 ("FCRA"). These claims arise from the false reporting of derogatory credit information pertaining to credit accounts held by Plaintiff which were discharged in bankruptcy. Equifax Information Services, LLC, and Transunion, LLC, violated the federal law by failing to have measures in place to prevent the false reporting of accounts discharged in bankruptcy, or failing to follow those procedures; and by failing to conduct any reasonable and independent investigation of Plaintiff's credit disputes. Defendants HSBC Bank and First Premier Bank continued to furnish false derogatory credit information as to accounts which they knew, or should have known, had been discharged in bankruptcy and they failed to conduct any reasonable investigation of Plaintiff's disputes, all in violation of the FCRA.

## JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1681p.

## PARTIES

1. Plaintiff is an adult resident of Mobile County, Alabama.

2. Defendant Equifax Information Systems, Inc. ("Equifax") is a corporation formed under the laws of the State of Georgia and has its principal place of business in the State of Georgia.

3. Defendant Transunion, LLC ("Transunion") is a company formed under the laws of the State of Delaware and has its principal place of business in the State of Illinois.

4. Defendant First Premier Bank ("First Premier") is a corporation formed under the laws of the State of South Dakota and has its principal place of business in the State of South Dakota.

5. Defendant HSBC Bank ("HSBC") is a corporation formed outside the State of Alabama.

## FACTS

6. Plaintiff lives in Calvert, Alabama. She is a thirty-six year only single mother who works full time as a waitress. In late 2003, Plaintiff was injured at work and required surgery. Because her employer failed to timely pay her workers compensation benefits, she fell behind in paying her bills. The benefits were eventually paid and Plaintiff was able to return to work, but the ordeal caused her financial hardship.As a result, Plaintiff filed Chapter 13 bankruptcy on June 11, 2004 in the United States Bankruptcy Court in the Southern District of Alabama. The case was styled *In re: Estate of Angelia Sullivan*, Case No. 04-13416. The Chapter 13 was converted to a Chapter 7 on May 9, 2007. The bankruptcy was discharged on October 19, 2007.

7. Prior to the conversion of the bankruptcy to Chapter 7, Plaintiff held unsecured credit card accounts with both First Premier and HSBC.

8. Both First Premier and HSBC were listed as creditors in the bankruptcy and both participated in the bankruptcy proceeding. Both HSBC and First Premier received notice of the actions taken by the Bankruptcy Court, including the final discharge order.

9. Both the First Premier and HSBC accounts were fully discharged in the bankruptcy proceeding and both defendants received actual notice of the discharge. Both entities have attorneys working for them who understand what it means to have a discharge of unsecured debt. Nevertheless, both defendants continued to report credit information to the major credit reporting agencies ("CRAs"), including Equifax and Transunion, indicating that Plaintiff owed charged-off balances on the account. Neither account was "charged-off" prior to the bankruptcy filing or the conversion to Chapter 7.

10. On March 4, 2008, Plaintiff submitted written disputes to Experian, Transunion and Equifax disputing the inaccurate reporting on a number of tradelines in her credit file, including the HSBC and First Premier tradelines. Those tradelines reported the accounts as "charged off as bad debt" when they had actually been discharged in the bankruptcy. Plaintiff requested that these tradelines be corrected to show the correct information. Each of these disputes was a consumer dispute within the meaning of 15 U.S.C. § 1681i(a).

11. Upon information and belief, each of the CRAs who received Plaintiff's dispute provided notice of the dispute to Defendants First Premier and HSBC. In response, both HSBC and First Premier failed to conduct any reasonable investigation of the dispute and transmitted requests to the CRAs that the false information continue to be reported on Plaintiff's credit file. At that time, both HSBC and First Premier knew that the disputed accounts had been fully discharged in

bankruptcy, that the accounts were no "charged-off" prior to the discharge, that Plaintiff did not owe any balance and that the reporting of the accounts as "charged off" was false.

12. Experian correctly removed the false information from Plaintiff's credit file, despite the requests by First Premier and HSBC to continue to report the debt as owed.

13. Defendants Transunion and Equifax failed to conduct any reasonable or independent investigation of Plaintiff's dispute and, by merely parroting the false information provided by HSBC and First Premier, continued to report that Plaintiff owed past due balances on account which Transunion and Equifax both knew had been discharged.

## COUNT ONE
### (FCRA VIOLATIONS BY EQUIFAX)

14. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

15. This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Equifax pursuant to 15 U.S.C. §§ 1681o and 1681n.

16. Defendant Equifax is a "consumer reporting agency" as that term is defined in FCRA.

17. Equifax has reported false and derogatory credit information regarding Plaintiff. This information was reported to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Equifax to said third parties by a "consumer report" as that term is defined in the FCRA.

18. Plaintiff has notified Equifax that the information being reported on her credit file relating to the First Premier and HSBC accounts was false. The notification sent to Equifax constitutes a consumer dispute within the meaning of 15 U.S.C. § 1681i.

19. Equifax failed in its duty to reasonably investigate Plaintiff's disputes. Equifax merely parroted the information supplied by First Premier and HSBC, verifying the false information without conducting any reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file. Equifax knew or should have known that the information being reported by First Premier and HSBC was false, inadequate and not verifiable.

20. Defendant Equifax failed to comply with the requirements of the FCRA in one or more of the following ways:

A. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B. By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C. By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verifiable.

21. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, damage to reputation, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

22. Equifax's acts and/or omissions made in violation of the FCRA were willful, entitling

Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

23. Equifax's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Equifax for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT TWO
### (FCRA VIOLATIONS BY TRANSUNION)

24. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

25. This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Transunion pursuant to 15 U.S.C. §§ 1681o and 1681n.

26. Defendant Transunion is a "consumer reporting agency" as that term is defined in FCRA.

27. Transunion has reported false and derogatory credit information regarding Plaintiff. This information was reported to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Transunion to said third parties by a "consumer report" as that term is defined in the FCRA.

28. Plaintiff has notified Transunion that the information being reported on her credit file

relating to the First Premier and HSBC accounts was false. The notification sent to Transunion constitutes a consumer dispute within the meaning of 15 U.S.C. § 1681i.

29. Transunion failed in its duty to reasonably investigate Plaintiff's disputes. Transunion merely parroted the information supplied by First Premier and HSBC, verifying the false information without conducting any reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file. Transunion knew or should have known that the information being reported by First Premier was false, inadequate and not verifiable.

30. Defendant Transunion failed to comply with the requirements of the FCRA in one or more of the following ways:

    A. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

    B. By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

    C. By willfully and/or negligently failing to delete information which Transunion knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verifiable.

31. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, damage to reputation, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and

embarrassment.

32. Transunion's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

33. Transunion's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Transunion for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (FCRA VIOLATIONS BY FIRST PREMIER)

34. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

35. This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

36. Defendant First Premier furnishes credit information to consumer credit reporting agencies ("CRAs") as those terms are defined by FCRA. First Premier is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

37. At all relevant times, First Premier provided derogatory and false credit information to the CRAs, including, but not limited to, Experian and Defendants Equifax and Transunion. This false and derogatory information was reported by said CRAs to third parties. These third parties include Plaintiff's potential lenders and others who were in a position of evaluating Plaintiff's

creditworthiness, credit standing, credit capacity, character and general reputation.

38.  As stated above, Plaintiff notified Equifax, Experian and Transunion of her dispute of the false information being reported by First Premier. Upon information and belief, the CRAs forwarded Plaintiff's disputes to First Premier.

39.  First Premier knew that the account which was being disputed by Plaintiff had been discharged in bankruptcy and, therefore, the debt was no longer legally enforceable against Plaintiff. First Premier also knew that the information it was furnishing to the CRAs was false and derogatory.

40.  First Premier was required under 15 U.S.C § 1681s-2(b), to conduct a reasonable investigation of the disputes made by Plaintiff through the CRAs by completing a diligent inquiry into the facts underlying its reporting and by providing accurate information to the credit reporting agencies regarding that reporting. First Premier was required to request deletion of the account if, after a diligent search of its records and review of the information made available to it, Plaintiff was not liable for the alleged debt or if the debt could not be verified. Even a cursory review of documents in its own file, and certainly any reasonable investigation, would have revealed to First Premier that the debt it was reporting to the CRAs was fully discharged in Plaintiff's bankruptcy.

41.  Despite its knowledge that the subject debt was discharged and that the information being reported on Plaintiff's credit file was false, First Premier requested that the information indicating that the debt was owed by Plaintiff continue to be reported and First Premier continued to furnish the false information to the CRAs.

42.  Defendant First Premier has taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b), including, but not limited to, the following:

    A.  Failing to fully and properly investigate the Plaintiff's disputes of the reporting of the false and derogatory information;

B.  Failing to review all relevant information regarding Plaintiff's disputes and/or by disregarding that information after review;

C.  After receiving notice of Plaintiff's disputes, continuing to report derogatory and false information on Plaintiff's credit file regarding the alleged debt as to which First Premier knew or should have known, had it conducted an adequate investigation, to be incomplete, inaccurate and/or not verifiable.

D.  Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which First Premier knew or should have known to be incomplete, inaccurate and/or not verifiable.

E.  Failing to accurately respond to Plaintiff's disputes made through the CRAs after receipt of those disputes.

43.  As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

44.  First Premier's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

45.  First Premier's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant First Premier for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT FOUR
### (FCRA VIOLATIONS BY HSBC )

46. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

47. This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

48. Defendant HSBC furnishes credit information to consumer credit reporting agencies ("CRAs") as those terms are defined by FCRA. HSBC is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

49. At all relevant times, HSBC provided derogatory and false credit information to the CRAs, including, but not limited to, Experian and Defendants Equifax and Transunion. This false and derogatory information was reported by said CRAs to third parties. These third parties include Plaintiff's potential lenders and others who were in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

50. As stated above, Plaintiff notified Equifax, Experian and Transunion of her dispute of the false information being reported by HSBC. Upon information and belief, the CRAs forwarded Plaintiff's disputes to HSBC.

51. HSBC knew that the account which was being disputed by Plaintiff had been discharged in bankruptcy and, therefore, the debt was no longer legally enforceable against Plaintiff. HSBC also knew that the information it was furnishing to the CRAs was false and derogatory.

52. HSBC was required under 15 U.S.C § 1681s-2(b), to conduct a reasonable investigation of the disputes made by Plaintiff through the CRAs by completing a diligent inquiry into the facts underlying its reporting and by providing accurate information to the credit reporting

11

agencies regarding that reporting. HSBC was required to request deletion of the account if, after a diligent search of its records and review of the information made available to it, Plaintiff was not liable for the alleged debt or if the debt could not be verified. Even a cursory review of documents in its own file, and certainly any reasonable investigation, would have revealed to HSBC that the debt it was reporting to the CRAs was fully discharged in Plaintiff's bankruptcy.

53. Despite its knowledge that the subject debt was discharged and that the information being reported on Plaintiff's credit file was false, HSBC requested that the information indicating that the debt was owed by Plaintiff continue to be reported and HSBC continued to furnish the false information to the CRAs.

54. Defendant HSBC has taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b), including, but not limited to, the following:

    A.    Failing to fully and properly investigate the Plaintiff's disputes of the reporting of the false and derogatory information;

    B.    Failing to review all relevant information regarding Plaintiff's disputes and/or by disregarding that information after review;

    C.    After receiving notice of Plaintiff's disputes, continuing to report false and derogatory information on Plaintiff's credit file regarding the alleged debt as to which HSBC knew or should have known, had it conducted an adequate investigation, to be incomplete, inaccurate and/or not verifiable.

    D.    Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which HSBC knew or should have known to be incomplete, inaccurate and/or not verifiable.

    E.    Failing to accurately respond to Plaintiff's disputes made through the CRAs after

receipt of those disputes.

55. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

56. HSBC's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

57. HSBC's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant HSBC for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.**

_/s/ Kenneth J. Riemer_
KENNETH J. RIEMER   (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633-1206
Telephone:   (251) 432-9212
Facsimile:   (251) 433-7172

DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

Equifax Information Services, LLC
P. O. Box 105069
Atlanta, GA 30348

Transunion, LLC
P. O. Box 2000
Chester, PA 19022-2000

First Premier Bank
3820 N. Louise Ave.
P.O. Box 5114
Sioux Falls, S.D. 57107

HSBC Bank
P. O. Box 5253
Carol Stream, IL 60197